UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Newport News Division

UNITED STATES OF AMERICA

v.  CRIMINAL NO. 4:15cr31

ARNIEL LAMONT CARLTON,

Defendant.

## REPORT AND RECOMMENDATION
## CONCERNING PLEA OF GUILTY

The Defendant, by consent, has appeared before the undersigned United States Magistrate Judge pursuant to Federal Rule of Criminal Procedure 11, and referral from a United States District Judge and has expressed his intent to enter a conditional plea of guilty to Count One of the Superseding Indictment. After cautioning and examining the Defendant under oath concerning each of the subjects mentioned in Rule 11, the undersigned determined that the guilty plea was knowledgeable and voluntary, and that the offense charged is supported by an independent basis in fact establishing each of the essential elements of such offense. However, because the parties do not appear to agree on the terms of the appeal waiver underlying the conditional plea, the undersigned is unable to recommend that the plea agreement and conditional plea of guilty be accepted.

Under Federal Rule of Criminal Procedure 11(a)(2), "With the consent of the court and the government, a defendant may enter a conditional plea of guilty . . . reserving in writing the right to have an appellate court review an adverse determination of a specified pretrial motion. A

1

defendant who prevails on appeal may then withdraw the plea." Fed. R. Crim. P. 11(a)(2). In this case, Carlton's written plea agreement states that his plea is expressly conditioned on the right to appeal the court's pretrial ruling denying a motion to suppress (ECF No. 40). Carlton had also filed a second pretrial motion seeking to dismiss the indictment, which the Court also denied in a written order. (ECF No. 33).

Before beginning the Rule 11 colloquy, the court inquired of Carlton's counsel to confirm that only the right to appeal the suppression motion was reserved and not the right to contest his earlier motion to dismiss the indictment. In response, counsel stated that although the motion to suppress was the primary issue, he did intend to raise the substance of the other motion in his expected appeal. He argued that because his earlier motion presented a jurisdictional challenge, he considered the issue non-waivable. Although his argument had already been rejected by the district court, counsel stated that he believed he was still obligated to raise the issue again on appeal, and that he intended to do so in what he described as the jurisdictional portion of the brief.

The appeal waiver language in the plea agreement expressly waives Carlton's right to appeal on "any ground whatsoever." It excludes only the specifically enumerated suppression motion. As a result, the court inquired of the United States whether it intended to permit a conditional plea reserving <u>both</u> pretrial rulings for appellate review. The attorney for the United States indicated that it would not. Elaborating, counsel explained that the government's policy was not to permit a conditional plea unless the issue reserved for appeal would fully resolve the case regardless of the outcome. The allegations raised in the motion to dismiss concerning the allegedly defective indictment would not, on reversal, fully dispose of the case. See U.S. v.

Pupo, 841 F. 2d 1235, 1240 (4th Cir. 1988) (vacating convictions on defective indictments and remanding with instructions to dismiss without prejudice). The Government had, therefore, expressly refused to include language in the plea agreement permitting this issue to be raised again on appeal.

Counsel had apparently discussed this impasse prior to appearing, and Carlton's attorney advised the court that he understood the Government would raise the issue of his plea waiver in response to any argument regarding the sufficiency of the indictment which had been addressed in the court's prior ruling on his motion to dismiss. Nevertheless, he stated that he felt obligated to assert the issue and intended to do so on appeal. In defense counsel's view, this presented no obstacle to the conditional plea because both Carlton and the Government were fully aware of their intended course. But this "agreement-to-disagree" does not meet the requirement of Rule 11(a)(2), which requires that the government consent to the terms of a conditional plea. The rule also states that the terms must be in writing, reserving review of "specified pretrial motions." Because the parties have not agreed on the terms of the appeal waiver, it does not appear that the United States has consented to the conditional nature of Carlton's plea. Accordingly, the undersigned is unable to recommend that the court accept the conditional plea or the plea agreement.

Either party may object to the foregoing by filing written objections to this Report and Recommendation within fourteen (14) days from the date of its service. Failure to do so bars an aggrieved party from attacking such Report and Recommendation before the assigned United States District Judge. 28 U.S.C. § 636(b)(1)(B).

The Clerk is directed to deliver a copy of this Report and Recommendation to counsel for the United States and to counsel for the Defendant.

/s/
Douglas E. Miller
United States Magistrate Judge

DOUGLAS E. MILLER
UNITED STATES MAGISTRATE JUDGE

Norfolk, Virginia

November 9, 2015