UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Newport News Division



UNITED STATES OF AMERICA,

v.                                                        Criminal Action No. 4:15cr31

ARNIEL LAMONT CARLTON,

        Defendant.

## ORDER

This matter comes before the Court following the Magistrate Judge's Report and Recommendation concerning Defendant Arniel Lamont Carlton's plea of guilty. ECF No. 51. Mr. Carlton timely submitted his objection to the Report and Recommendation on November 27, 2015. ECF No. 53. For the following reasons, this Court overrules Mr. Carlton's objection and adopts the Report and Recommendation. Accordingly, this Court declines to accept Mr. Carlton's conditional plea of guilty, and orders that this prosecution be set for jury trial.

### FACTUAL AND PROCEDURAL BACKGROUND

Prior to Mr. Carlton's guilty plea hearing, he filed two pretrial motions: (1) Motion to Dismiss the Indictment (ECF No. 16) and (2) Motion to Suppress Evidence (ECF No. 17). This Court denied both Motions. ECF Nos. 33 and 40.

The parties appeared before the Magistrate Judge for a guilty plea hearing on November 6, 2015. The written plea agreement provided that Mr. Carlton expressly waived his right to appeal "on any ground whatsoever," excluding only the specifically enumerated suppression motion. ECF No. 48 ¶ 6.

At the guilty plea hearing, Mr. Carlton expressed his intent to enter a conditional plea of guilty to Count One of the Superseding Indictment. ECF No. 51. Mr. Carlton's counsel also stated that he

intended to challenge the substance of both pretrial motions -- the suppression motion and the motion to dismiss the indictment -- on appeal, notwithstanding the language of the plea agreement. Counsel argued that the right to appeal the motion to dismiss is non-waivable because that motion presents a jurisdictional challenge, and he stated that he was obligated to raise the issue again on appeal. *Id.*

In response, the Assistant United States Attorney stated that the Government did not agree to a conditional plea reserving both pretrial rulings for appellate review, explaining that the Government's policy was to reject a conditional plea unless the issue reserved for appeal would fully resolve the case regardless of the outcome. The Government contended that reversing the motion to dismiss the indictment would not dispose of the case. *See United States v. Pupo*, 841 F.2d 1235, 1240 (4th Cir. 1988) (vacating convictions on defective indictments and remanding with instructions to dismiss without prejudice). *Id.*

In the Report and Recommendation, the Magistrate Judge declined to recommend that the plea agreement and conditional plea of guilty be accepted, because the parties fail to agree to the terms of the appeal waiver underlying the conditional plea. The Report and Recommendation recognized that Rule 11(a)(2) requires the Government to consent to the terms of a conditional plea, and that the terms of the conditional plea must be in writing, reserving review of "specified pretrial motions."

Because the parties have not agreed on the terms of the appeal waiver, the United States has not consented to the conditional nature of Mr. Carlton's plea. Furthermore, the (proposed) terms reserving review of the motion to dismiss the indictment do not appear in writing. *Id.*

## STANDARD OF LAW

Federal Rule of Criminal Procedure 11 governs guilty pleas. With respect to conditional pleas, the rule states as follows: "With consent of the court and the government, a defendant may enter a conditional plea of guilty . . . reserving in writing the right to have an appellate court review an adverse determination of a specified trial motion. A defendant who prevails on appeal may then withdraw the plea." Fed. R. Crim. Proc. 11(a)(2).

2

## DISCUSSION

This Court adopts the Report and Recommendation (ECF No. 51), and declines to accept the conditional plea or the plea agreement between the parties. The general rule is that "conditions to a [guilty] plea are not to be implied." *United States v. Handberry*, 372 Fed. App'x 383, 388 (4th Cir. 2010) (quoting *United States v. Bundy*, 392 F.3d 641, 645 (4th Cir. 2004)).

There are three requirements for valid conditional guilty pleas. "A valid conditional plea under Rule 11(a)(2) 'must be offered in writing,' 'must specify the adverse pretrial rulings that the defendant seeks to appeal,' and 'Government consent and court approval[ ] are mandatory and cannot be avoided.'" *United States v. Rodgers*, 595 Fed. App'x 196, 199 (4th Cir. 2014) (quoting *Bundy*, 392 F.3d at 645).

The written plea agreement at issue failed to specify the adverse pretrial ruling that Mr. Carlton seeks to appeal, nor was it "clearly shown on the record that there is no doubt that a conditional plea was agreed to" with respect to all aspects of the plea agreement. *Bundy*, 392 F.3d at 645. Mr. Carlton's plea agreement explicitly reserved the right to appeal the motion to suppress, but it did not specify whether he might seek to appeal the motion to dismiss. ECF No. 48 ¶ 6.

The Government has not agreed to the plea agreement that Mr. Carlton seeks. Mr. Carlton believes that under the terms of his written plea agreement, he may appeal both pretrial rulings. The Government believes that the written plea agreement permits him to appeal the motion to suppress. The parties may agree to the terms of the plea agreement as written, but they fail to agree on the scope of the agreement's terms. This Court declines to accept Mr. Carlton's conditional guilty plea because the Government has not consented to the terms of the plea agreement, as those terms appear to be construed by Mr. Carlton.[1]

---

[1] Mr. Carlton asserts that the Report and Recommendation "relies on the government's 'policy' not to permit a conditional plea unless the issue reserved for appeal would fully resolve the case regardless of the outcome." ECF No. 53 at 2. Mr. Carlton argues that reversal of the Court's Order denying the motion to dismiss would resolve the case, "subject to the government's right to seek re-indictment by a grand jury." *Id.* at 3. The Report and Recommendation is consistent with Federal Rule of Criminal Procedure 11, however, which requires

## CONCLUSION

For the foregoing reasons, the Court **ADOPTS** the Report and Recommendation (ECF No. 51), and declines to accept Mr. Carlton's conditional plea of guilty. Mr. Carlton's sentencing, currently set for February 19, 2016, is **STRICKEN**. Counsel are **INSTRUCTED** to contact this Court's Courtroom Deputy by Wednesday, January 13, 2016, to reset the jury trial date.

The Clerk is **REQUESTED** to send a copy of this Order to all parties and to the United States Probation Officer.

**IT IS SO ORDERED.**

/s/
Arenda L. Wright Allen
United States District Judge

1 · 6 , 2016
Newport News, Virginia

---

the Government to consent to the terms of the conditional plea agreement, and requires the plea agreement to be in writing. ECF No. 51.